**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

Submitted: July 13, 2017
Decided: July 18, 2017

Donald L. Logan, Esquire
Victoria K. Petrone, Esquire
Logan & Petrone, LLC
100 Commons Blvd., Suite 300
New Castle, DE 19801

Samuel L. Guy, Esquire
Samuel L. Guy, Attorney at Law
P.O. Box 25464
Wilmington, DE 19899

RE:  **SC&A Construction, Inc. v. Charles Potter, Jr. et al.**
     **C.A. No. N12L-09-022 AML**

Dear Counsel,

On June 26, 2017, the defendants, Charles Potter, Jr. and Velda C. Jones-Potter (collectively, the "Potters"), filed a Motion for a Stay of Execution of Judgment Pending Appeal (the "Motion to Stay"). After nearly five years of litigation in multiple forums, this Court entered judgment and a mechanic's lien in favor of the plaintiff, SC&A Construction, Inc. ("SC&A"), and against the Potters' property. The Potters are appealing that judgment and lien. In my view, the Motion to Stay is not supported by the analysis required by *Kirpat, Inc. v.*

*Delaware Alcoholic Beverage Control Commission*[1] and I deny the stay on that basis.

## BACKGROUND

The factual background of this case is set forth at length in my Memorandum Opinion dated May 31, 2017 (the "May 2017 Opinion"), as well as in a previous decision of the Court of Chancery.[2] It will not be repeated here, except as necessary for the pending Motion to Stay.

My May 2017 Opinion granted SC&A's Motion to Enter Arbitration Award as a Final Mechanic's Lien Judgment and denied the Potters' request to amend their answer and affidavit of defense. After denying the Potters' motion for reargument, I entered an order (the "Mechanic's Lien Order") on June 21, 2017, which entered judgment *in rem* in the amount of $116,364.00, plus post-judgment interest, and placed a lien for that amount on the Potters' house and land. It is execution of this judgment and lien the Potters seek to stay pending resolution of their appeal of the Mechanic's Lien Order.[3]

The procedural history of the parties' dispute leading up to this point is complicated and not directly related to the Motion to Stay. Suffice to say, the

---

[1] 741 A.2d 356 (Del. 1998).
[2] *SC&A Constr., Inc. v. Potter*, 2016 WL 70901 (Del. Ch. Jan. 6, 2016).
[3] The Potters filed a notice of appeal on July 6, 2017. That Notice of Appeal refers only to the Mechanic's Lien Order and not to the May 2017 Opinion or the letter opinion denying the Potters' motion for reargument. *See Potter v. SC&A Constr., Inc.*, No. 274, 2017 (Del. July, 6, 2017).

Potters entered into a contract with SC&A for improvements to the Potters' home. Disputes arose regarding those improvements and SC&A filed a mechanic's lien action in this Court. The parties' disputes ultimately were resolved in arbitration, pursuant to an arbitration clause in the parties' contract. The mechanic's lien entered by the Court relates to amounts the arbitrator determined the Potters owed SC&A for improvements to the Potters' property.

In addition to this litigation, the associated arbitration, and proceedings in the Court of Chancery to confirm the arbitration award, the Potters also have an ongoing dispute with SC&A before the Department of Licenses and Inspections of the City of Wilmington (the "L&I Department"). In support of their Motion to Stay, the Potters filed a recent letter the L&I Department issued, purportedly identifying various deficiencies in the construction of the Potters' roof.[4] The Potters contend these deficiencies are attributable to SC&A and have affected both their property value and their ability to post a bond in support of the Motion to Stay.

## ANALYSIS

Delaware Supreme Court Rule 32 governs motions to stay pending appeal.[5] Such motions must be made to the trial court in the first instance, which has discretion to grant such a stay provided the appellant gives sufficient security as

---

[4] D.I. 93
[5] *See* Super. Ct. Civ. R. 62(d).

required by the Delaware Constitution.[6] In exercising its discretion, the court considers four factors: (1) "a preliminary assessment of likelihood of success on the merits of the appeal"; (2) "whether the [movant] will suffer irreparable injury if the stay is not granted"; (3) "whether any other interested party will suffer substantial harm if the stay is granted"; and (4) "whether the public interest will be harmed if the stay is granted."[7]

The Potters contend their arguments on appeal have a good likelihood of success and that they will suffer irreparable injury if the stay is not granted because "[t]he judgment is a substantial sum which [the Potters] will not likely be able to recover" if they prevail on appeal.[8] The Potters also argued at the hearing on the Motion to Stay that, if forced to pay the judgment or post a bond while the appeal is pending, they will be unable to afford the repairs to their roof identified as necessary by the L&I Department. If they do not pay the judgment, they argue, they may face a sheriff's sale with the property fetching less than full value due to the ongoing roof issues.

As to the possibility of harm a stay might cause SC&A, the Potters argue SC&A does not face any substantial harm because "[t]here is no indication that a

---

[6] Supr. Ct. R. 32(a).
[7] *Kirpat, Inc.*, 741 A.2d at 357.
[8] Mot. to Stay ¶ 4.

stay will detrimentally impact [SC&A's] economic position."[9] A stay, the Potters further contend, is favored by public policy because the judgment already is secured through the mechanic's lien,[10] and because the L&I Department has ordered SC&A to obtain necessary permits and complete an inspection, an order the Potters contend SC&A has ignored.

The Potters also argue that, if the Court stays execution pending appeal, no additional security or bond should be required because the mechanic's lien serves the purpose usually served by a bond. The Potters, without citing any record support, assert "[t]he value of properties in [the Potters'] neighborhood far exceeds the value of the mechanic[']s lien."[11] Finally, the Potters urge, if the Court concludes the mechanic's lien is not sufficient, it should reduce the amount of the bond to an unspecified figure less than the total judgment.

SC&A argues, on the other hand, that the Potters have failed to demonstrate any of the *Kirpat* factors weigh in favor of a stay of execution. Even if the Court concludes a stay is warranted, SC&A argues the mechanic's lien is not a sufficient substitute for a supersedeas bond and that the Potters should be required to post a bond in the full amount of the judgment in order to obtain a stay.

---

[9] *Id.* at ¶ 5.
[10] *Id.* at ¶ 6.
[11] *Id.* at ¶ 8. At oral argument, the Potters provided the Court with a 2011 letter regarding "Property Value/Aesthetics," but did not provide any explanation of how the letter relates to their arguments in this Motion. *See* D.I. 95.

In my view, the Potters have not established that the relevant factors weigh in favor of a stay. In exercising its discretion to grant or deny a stay, this Court must "consider all the relevant [*Kirpat*] factors together to determine where the appropriate balance should be struck."[12] The first *Kirpat* factor, the moving party's likelihood of success on appeal, cannot be interpreted "literally or in a vacuum," because to do so would require a trial court "first to confess error in its ruling."[13] Accordingly, if the other three factors "strongly favor interim relief," a stay should be granted provided the moving party has presented on appeal "a serious legal question that raises a 'fair ground for litigation and thus more deliberative investigation.'"[14]

In my view, the Potters present one legal question that raises a fair ground for litigation, namely whether this Court erred in dismissing the Potters' counterclaim in favor of arbitration. The other three *Kirpat* factors, however, do not strongly favor interim relief in this case. The irreparable harm the Potters identify is the possibility they will have to pay the judgment or face sheriff's sale during the pendency of the appeal, which they argue will present a financial hardship to them. The Potters may avoid sheriff's sale, however, by paying the

---

[12] *Kirpat, Inc.*, 741 A.2d 356. (citations omitted).

[13] *Id.* at 357-58 (citing *Evans v. Buchanan*, 435 F. Supp. 832, 843-44 (D. Del. 1977)).

[14] *Kirpat, Inc.*, 741 A.2d at 358 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

judgment, which they have not even argued they would be unable to do.[15] A payment of money is not irreparable harm, even if it will present a financial hardship for the Potters, and the Potters have identified absolutely no facts suggesting SC&A would not be able to repay any monies owed if the Potters prevail on appeal.[16]

In addition, the Potters' argument that SC&A is in a good financial position and will not suffer economic harm if collection is delayed ignores the substantial delay SC&A already has endured in this case, due in no small part to numerous frivolous arguments the Potters raised, and continue to raise, at all stages of this litigation. SC&A has incurred substantial attorneys' fees through several stages of litigation and has been almost completely successful to date. The Potters have not demonstrated that SC&A's financial condition will not suffer if execution of the judgment is delayed further.

Finally, the Potters' contention that public policy supports a stay is unconvincing. The Potters' argument in their brief regarding public policy relates to the purpose of a supersedeas bond and whether a mechanic's lien is sufficient

---

[15] Given their argument that there is substantial equity in their home, it seems likely the Potters could raise the necessary funds to pay the judgment.

[16] *See Mountaire Farms, Inc. v. Pitts*, 2001 WL 789650, at *1 (Del. Super. June 8, 2001) (holding the possibility that funds paid to appellee would not be recoverable if appellant was successful on appeal did not constitute irreparable harm because methods existed to recover any benefits paid).

security for the judgment.[17] This argument does not relate to public policy. At oral argument, the Potters pointed to their disputes with SC&A before the L&I Department, but those disputes are not related to this appeal and therefore are not relevant to this Motion. In my view, public policy would be harmed by a stay in this matter, which is a relatively simple breach of contract action that has been pending for almost five years and has taxed the parties' and several courts' resources.

Balancing all relevant factors, I conclude a stay of execution is not warranted in this case.[18] Accordingly, the Potters' Motion for a Stay of Execution of Judgment Pending Appeal is **DENIED. IT IS SO ORDERED.**

Yours very truly,

Abigail M. LeGrow, Judge

Original to Prothonotary

---

[17] Mot. to Stay ¶ 6.
[18] Having denied the stay, I need not reach the issue of what constitutes sufficient security.